■ ROBERT ROSENBLUM, Petitioner, v JOHN T. O'HAGAN, Individually and as Commissioner of the New York City Fire Department, et al., Respondents.—Determination of respondent Fire Commissioner of the City of New York, dated September 1, 1976, finding petitioner guilty of violating certain fire department regulations in that he failed to respond to requests for medical attention, and granted excessive medical leaves by telephone, and did not visit members requesting examination, and penalizing him two days' annual leave allowance, unanimously annulled, on the law, and the petition granted, without costs and disbursements. Petitioner, who holds the position of medical officer in the fire department, was found guilty at a departmental hearing of failing to respond to requests for medical attention, granting excessive medical leaves by telephone and not visiting members requesting examination. The medical administrator of the fire department testified that petitioner, who is responsible for examining and diagnosing the injuries of firemen, had responded to only 1 of 52 individual reports of injuries during his tour of duty January 5 through January 6, 1976, and that he did not personally respond to any of 17 reports of injuries during his tour on January 12 through January 13, 1976; that petitioner granted 11 medical leaves over the telephone; that he personally responded to only 20 of 43 reports of injuries during the tour of January 19 through January 20,

1976—all against a background of a December, 1975 board meeting which the petitioner attended, where it was discussed that doctors were not responding to firemen who had been ordered to hospitals and not using the medical office facilities. Three firemen testified to their suffering, respectively, second degree burns on the left ankle, smoke inhalation, and a lower back sprain, and that the petitioner did not personally visit them, but granted them leave through telephone communication. The regulations of the fire department mandate that a medical officer is required to respond in person only where he has been notified of a third or greater alarm; where he has been directly ordered by a senior officer; or where a fire department ambulance is in use. In all other circumstances, the medical officer has to exercise his professional medical judgment in determining whether his personal response to a medical emergency is necessary or whether telephone directions—such as return to duty after one-hour rest or one-day sick leave, or report to the medical officer the next day—is sufficient. Apparently there are no fixed departmental standards pertaining to the granting of leaves by telephone. Petitioner testified that he responded to all third or greater alarms on the dates in question; that he was never ordered on these dates to respond to a fire; and that with respect to each incident of an injury to a member of the fire department, he exercised his own professional medical judgment in choosing to respond personally or to give, where appropriate, instructions by telephone. With respect to the three firemen who testified, petitioner in essence stated that he was either responding elsewhere to other requests or responding at the scene of a third or greater alarm, and that he took into consideration in determining whether to personally respond to the fact of whether the firemen were taken to a hospital and were receiving medical attention. The hearing officer in finding petitioner guilty, alluded to his view that more than medical judgment was involved, and that when petitioner finished attending at the fire or other matters, he should have responded in person with respect to the firemen who testified. Although the fire department had sought an adjournment in order to call the chief of the medical division, Dr. Cutler, to testify, at the adjourned date the testimony of Dr. Cutler was not produced, nor did any other physician testify. Clearly, the three firemen who testified were not competent to conclude from a medical viewpoint whether petitioner should or should not have responded personally to their respective injuries. It is noted that with respect to the 66 requests set forth in the specifications, there was only testimony with regard to 3 of those. There is no proof in the record allowing a reasoned disposition respecting the 63 other requests. The absence of testimony from the chief medical officer or any other physician and the absence of testimony as to the lack of any valid basis for the leaves granted by petitioner clearly demonstrate that substantial evidence is lacking to sustain the charges. The fire department has the burden of proving the charges. In the absence of adequate testimony demonstrating that petitioner should have responded in those circumstances where he was charged with having failed to respond properly, it is concluded that there is no substantial evidence to support the determination. Concur—Birns, J. P., Evans, Fein, Sandler and Lupiano, JJ.

(Republished)